PER CURIAM.
This is a consolidated appeal from: (1) a final judgment entered on a jury verdict in favor of the plaintiff Norman Cohen [hereinafter “Cohen”] against the defendant Amerifirst Federal Savings and Loan Association [hereinafter “Amerifirst”] on a claim of intentional interference with an advantageous business relationship, and (2) a final declaratory decree entered in favor of the plaintiff Cohen against the defend *936 ant Amerifirst on certain equitable and declaratory relief claims, together with costs, interest, and collateral money awards. The two actions were tried together below after this court reversed a partial summary judgment in favor of the plaintiff Cohen on one of the equitable claims. Amerifirst Federal Savings and Loan Association v. Cohen, 454 So.2d 626 (Fla. 3d DCA 1984), pet. for review denied, 464 So.2d 554 (Fla.1985). The defendant Amerifirst appeals the adverse judgments entered herein. We reverse.
As noted in our prior opinion, the instant lawsuit arises from the enforcement of a court-approved settlement agreement entered into by the parties to a mortgage foreclosure action. Amerifirst had previously sued Cohen to foreclose on a certain mortgage, and the parties settled the lawsuit through a court-approved settlement agreement. Subsequent to the settlement, Cohen filed a five-count complaint against Amerifirst seeking monetary and equitable relief based on Amerifirst’s alleged tor-tious and unconscionable conduct in connection with the settlement agreement.
As to the tortious interference claim, the plaintiff Cohen asserted that the defendant Amerifirst interfered with an advantageous business relationship which Cohen had with American Investment Group [hereinafter “AIG”] in that Amerifirst refused to finance a sale by Cohen of a tract of land to AIG, unless Amerifirst became the seller on the deal on terms favorable to Amerifirst and unfavorable to Cohen, terms which Cohen refused. The settlement agreement authorized the sale of the subject land, but did not require Amerifirst to finance any loan agreement in connection with such a sale. This being so, it is plain that Amerifirst in no way “interfered” with Cohen’s advantageous business relationship with AIG by refusing to fund the loan agreement on the subject sale; Amerifirst was under no legal obligation to finance such a deal, and, consequently, was free to negotiate for favorable terms on a proposed loan in connection therewith. One of the essential elements of the tort of intentional interference with an advantageous business relationship is an intentional and unjustified interference by the defendant with the plaintiff’s advantageous business relationship with a third party, and, plainly, that element was not established below. The trial court, accordingly, erred in denying Amerifirst’s motion for a directed verdict below on this claim. Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), pet. for review denied, 392 So.2d 1371 (Fla.1981), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981).
As to the equitable and declaratory relief claims, the plaintiff Cohen asserted, in essence, that enforcement of the terms of the settlement agreement between the parties amounted to an unconscionable forfeiture due to Amerifirst’s tortious conduct subsequent to the settlement, and, therefore, it was claimed that certain terms of the agreement could not be enforced. These claims, however, were never established below because, simply put, the settlement agreement in question was not an unconscionable agreement, nor was it rendered unconscionable by Amerifirst’s subsequent conduct as Amerifirst was, as a matter of law, not guilty of any tortious conduct in connection with said agreement.
Our analysis of the subject settlement agreement on the issue of unconscionability in our prior opinion applies with equal force here:
“The facts of this case are exceedingly complex and will not be reviewed in any detail in this opinion. Suffice it to say that the settlement agreement was entered into by sophisticated and knowledgeable business persons in an arms-length transaction in which both parties received considerable benefits. It was a balanced agreement which settled a lawsuit between the parties and was subsequently approved by court order. Both parties fully understood what they were agreeing to; there was no overreaching by anyone; and the terms of the agreement, without dispute, contained no unconscionable terms.
*937 True, as events worked out subsequent to the agreement, Amerifirst now stands to make over four million dollars pursuant to the agreement, after the underlying indebtedness together with interest, attorney’s fees, and other costs have been paid. Contrary to the trial court’s conclusion, however, making a handsome profit on an agreement, due to events subsequent to the agreement, hardly renders the enforcement of the agreement unconscionable or the provisions in question a forfeiture. Cohen gained much from this agreement and cannot now be permitted to back out of those provisions of the agreement which he deems harsh or onerous. See Geldermann & Co. v. Lane Processing, Inc., 527 F.2d 571, 576 (8th Cir.1975); Steinhardt v. Rudolph, 422 So.2d 884, 889-90 (Fla. 3d DCA 1982), pet. for review denied, 434 So.2d 889 (Fla.198'3).”
Amerifirst Federal Savings and Loan Association v. Cohen, 454 So.2d 626, 627 (Fla. 3d DCA 1984), pet. for review denied, 464 So.2d 554 (Fla.1985).
The final judgments appealed from are reversed and the cause is remanded to the trial court with directions to enter judgment in favor of the defendant Amerifirst.
Reversed and remanded.